IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ABILITYONE CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:04CV113 |
| | ) | |
| LESA BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION

BEATY, District Judge.

This matter is before the Court on Plaintiff's Motion for Summary Judgment [Document #26] and Defendant's Motion for a Continuance [Document #32]. For the reasons discussed below, Plaintiff's Motion for Summary Judgment [Document #26] will be DENIED. In addition, Defendant's Motion for a Continuance [Document #32] will be GRANTED in order to allow Defendant time to obtain counsel and in order to ensure that the mediation previously ordered by the Court in this case takes place prior to the trial in this matter.

I.  FACTUAL BACKGROUND

Defendant Lesa Brown ("Brown") is a former employee of Plaintiff AbilityOne Corporation ("AbilityOne"). AbilityOne brought this lawsuit alleging that Brown breached her employment agreement with AbilityOne, violated the Computer Fraud and Abuse Act, misappropriated trade secrets, tortiously interfered with business relations, and used unfair and deceptive trade practices and unfair competition. All of these claims arise out of Brown's

departure from AbilityOne after she was hired by a competitor, Henry Schein, Inc. ("Schein"). AbilityOne contends that Brown e-mailed sales information to her personal computer and then used that information as part of her sales work at Schein. Brown answered AbilityOne's Complaint by denying the allegations and asserting counterclaims for unpaid wages, slander, and intentional infliction of emotional distress. AbilityOne failed to timely respond to Brown's counterclaims for over four months. However, AbilityOne subsequently requested the Court's leave to file its Reply out-of-time, to which Brown agreed. On August 11, 2004, this Court granted AbilityOne an extension of time to file its Reply to the counterclaims after a four month delay. Discovery proceeded in this case, and on March 17, 2005, AbilityOne served Requests for Admissions on Brown. However, Brown's counsel withdrew from the case on March 22, 2005.[1] Therefore, Brown, who is now proceeding *pro se*, did not respond to the Requests for Admissions which were pending after her counsel withdrew.

AbilityOne has now filed the present Motion for Summary Judgment based on what it contends are the binding Admissions as to the central facts in this case, as contained in the March 17, 2005 Requests for Admissions to which Brown did not respond. Brown has, however, filed a Response to the Motion for Summary Judgment [Document #30] refuting and contesting the

---

[1] Brown's new employer, Schein, initially retained counsel for Brown. However, Brown's counsel was allowed to withdraw after Brown was no longer employed with Schein. On January 28, 2005, the Court allowed Brown's counsel to withdraw "to the extent that they need not perform any active representation for defendant except to receive pleadings, motions, orders and other paperwritings from the Court and Plaintiff." On March 22, 2005, the Court relieved Brown's counsel of any further responsibility, including any remaining responsibility to act as agent for Brown for the purpose of receiving pleadings.

2

factual assertions made by AbilityOne, including the factual assertions contained in the Requests for Admissions. Brown specifically contends that she did not disclose any confidential data, that she did not use any information from AbilityOne as part of any work at Schein, and that she did not act with any intent to defraud.

In addition, Brown has also filed a Motion for a Continuance [Document #32] to give her an opportunity to obtain counsel before the trial in this case. In her Motion, Brown contends that the Court-ordered mediation was never held in this case, and that she has not yet obtained counsel because she intended to represent herself through the mediation stage. In this regard, the Court notes that this case was selected for mediation when it was filed, and the Rule 26(f) Scheduling Order provided that mediation would be conducted "after the conclusion of the discovery period, the exact date to be set by the mediator after consultation with the parties." However, it appears that required mediation was never held. In considering the pending motions, the Court will first address Plaintiff's Motion for Summary Judgment and will then address Defendant's Motion for a Continuance in turn.

II.   MOTION FOR SUMMARY JUDGMENT

Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is considered "material" if it "might affect the outcome of the suit under the governing law . . . ." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). There can be "no genuine issue as to any material fact" if the non-moving party fails

3

to "make a showing sufficient to establish the existence of an element essential to that party's case," since "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552, 91 L. Ed.2d 265 (1986). Under this standard, a genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248, 106 S. Ct. at 2510. As a result, the Court will only enter summary judgment in favor of the moving party when " 'the entire record shows a right to judgment with such clarity as to leave no room for controversy and establishes affirmatively that the [nonmoving] party cannot prevail under any circumstances.' " Campbell v. Hewitt, Coleman & Assocs., 21 F.3d 52, 55 (4th Cir. 1994) (quoting Phoenix Sav. & Loan, Inc. v. Aetna Cas. & Sur. Co., 381 F.2d 245, 249 (4th Cir. 1967)). When ruling on a summary judgment motion, the Court "view[s] the evidence in the light most favorable to the non-moving party, granting that party the benefit of all reasonable inferences." Bailey v. Blue Cross & Blue Shield, 67 F.3d 53, 56 (4th Cir. 1995). The moving party bears the initial "burden of establishing that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law." Catawba Indian Tribe v. South Carolina, 978 F.2d 1334, 1339 (4th Cir. 1992)(en banc).

In its present Motion for Summary Judgment, AbilityOne contends that there are no genuine issues of material fact because Brown is bound by the Requests for Admissions to which she failed to respond after her counsel withdrew. However, the Court notes that AbilityOne has

4

not presented the Admissions to the Court in support of its Motion for Summary Judgment, nor has it submitted even an affidavit regarding the specifics of the Admissions. Without this information, the Court cannot determine what purported facts are contained in the Admissions. The Court therefore will not treat as evidence documents that were not submitted to the Court, are not part of the record, and are not before the Court for consideration. See Fed. R. Civ. P. 56 (providing the summary judgment may be rendered if the relevant evidence, including the "admissions on file" show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law); cf. 10A Charles Alan Wright and Arthur Miller, Federal Practice and Procedure § 2722 (noting that on a motion for summary judgment, "if written documents are relied upon they actually must be exhibited"). Therefore, the Court will not consider the purported Admissions in ruling on the present Motion for Summary Judgment.[2]

---

[2] With respect to the Requests for Admissions, the Court further notes that holding Brown to the March 17, 2005 Requests for Admissions would not be appropriate or a just result in this case, given her *pro se* status and the fact that her counsel withdrew while the Requests were pending. See Local Union No. 38, Sheet Metal Workers' Int'l Assoc. v. Tripodi, 913 F. Supp. 290 (S.D.N.Y. 1996) (holding that a *pro se* defendant who failed to respond to requests for admissions would not be deemed to have admitted facts contained in requests when the requests were served shortly before his attorney withdrew); Gutting v. Falstaff Brewing Corp., 710 F.2d 1309, 1312 (8th Cir. 1983) (holding that "failure to respond in a timely fashion does not require the court automatically to deem all matters admitted," and that it was an abuse of discretion to deem requests as admitted without considering the withdrawal of counsel while the requests were pending and the lack of prejudice to the serving party); see also Nguyen v. CNA Corp., 44 F.3d 234 (4th Cir. 1995) (noting that it is within the district court's discretion whether to deem requests as admitted or whether to allow an extension of time to respond). In the present case, the Court concludes that the presentation of the case on the merits would be served by allowing Brown an opportunity to respond to the Requests for Admissions, and the Court does not find that AbilityOne will be prejudiced thereby. Therefore, the Court will include in its Order a proviso to this effect.

5

In reviewing Plaintiff's Motion for Summary Judgment in the absence of the Admissions, and in light of the issues raised by Brown in her Response to Plaintiff's Motion for Summary Judgment, the Court concludes that there are genuine issues of material fact with respect to AbilityOne's claims. In particular, the Court notes that there are genuine issues of fact regarding whether Brown disclosed any confidential AbilityOne information to any third party or used any AbilityOne information in her work for Schein. There are also genuine issues of fact regarding Brown's intent, and specifically whether she acted with intent to defraud. AbilityOne has presented no evidence in support of its contentions, and AbilityOne has failed to meet its initial burden of establishing that there is no genuine issue as to any material fact. Therefore, the Court concludes that AbilityOne is not entitled to judgment as a matter of law in its favor, and AbilityOne's Motion for Summary Judgment on its claims will be denied.

Moreover, with respect to Brown's counterclaim for unpaid wages, AbilityOne contends that it is entitled to summary judgment on this counterclaim because Brown "has been paid all that she was owed." In support of this contention, AbilityOne has submitted a copy of Brown's W-2 form and an affidavit summarily concluding that "Ms. Brown is not owed, or entitled to, any additional compensation under our particular compensation structure." However, this evidence does not address in any respect Brown's contention that AbilityOne failed to pay her for business expenses and commissions to which she was allegedly entitled. Therefore, the Court concludes that AbilityOne has failed to establish that there are no genuine issues of material fact with respect to this claim, and summary judgment as to this counterclaim will also be denied.

Finally, AbilityOne also contends that Brown's counterclaims for slander and intentional infliction of emotional distress should be dismissed because Brown has not submitted her allegations in the form of an affidavit or a verified pleading. However, AbilityOne does not contend that Brown has failed to state a claim, nor has it presented any evidence or affidavits to establish that there are no factual issues in dispute and that it is entitled to judgment in its favor as a matter of law. In addition, the Court notes that Brown, acting *pro se*, has filed and signed subsequent briefs and documents specifically reasserting her allegations as to these claims. The Court will not dismiss Brown's counterclaims based simply on AbilityOne's contention that the allegations were not originally presented in the form of an affidavit or verified pleading, and AbilityOne has again failed to meet its initial burden of establishing that there are no genuine issues of material fact with respect to these claims. For these reasons, the Court concludes that AbilityOne's Motion for Summary Judgment as to Brown's counterclaims will be denied.

III. MOTION FOR CONTINUANCE

Having denied Plaintiff's Motion for Summary Judgment, the Court notes that this case is scheduled for trial during the Court's January 2006 trial session. However, Brown has moved for a continuance to enable her to obtain counsel for trial. Brown contends that she has not yet obtained counsel because she intended to represent herself through the mediation stage. As noted above, although this case was selected for mediation when it was filed, it appears that the required mediation was never held. The Court notes as well that AbilityOne has not responded to Brown's Motion for a Continuance. Therefore, having reviewed Brown's motion, the Court

7

concludes that a continuance is appropriate in order to provide an opportunity for the Court-ordered mediation in this case and to allow Brown to retain counsel prior to trial. Brown's Motion for a Continuance will be granted, and this case will therefore be continued until the Court's April 2006 calendar. With respect to mediation, while it is unclear why mediation was not held at the conclusion of the discovery period, the Court reaffirms its mediation order and will order the parties to conduct mediation in this case on or before February 15, 2006. Defendant Brown is advised that no further continuances beyond the April 2006 calendar will be allowed in order for her to obtain counsel in this case. Therefore, if she intends to retain counsel, she is advised to do so promptly given the Court's scheduling of this case for the April 2006 trial session.

IV. CONCLUSION

For the reasons discussed above, Plaintiff's Motion for Summary Judgment on its own claims and as to Defendant's counterclaims [Document #26] is DENIED. In addition, Defendant's Motion for a Continuance [Document #32] is GRANTED, and this case is moved from the January 2006 civil trial session to the April 2006 trial session. In the interim, the Court orders the parties to participate in mediation in this case on or before February 15, 2006. Failure to comply with the Court's Order of mediation will render this case subject to dismissal pursuant to Federal Rule of Civil Procedure 41. Finally, the Court will allow Brown 30 days from the date of this Order and Memorandum Opinion to serve an answer admitting or denying each of AbilityOne's March 17, 2005 Requests for Admissions.

An Order consistent with this Memorandum Opinion will be filed contemporaneously herewith.

This, the 6th day of December, 2005.

/s/ James A. Beaty
United States District Judge